[Cite as *State v. Bragg*, 2015-Ohio-78.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                          Court of Appeals No. L-14-1054

    Appellee                                    Trial Court No. CR0201301966

v.

Timothy Bragg                                     **DECISION AND JUDGMENT**

    Appellant                                   Decided:  January 9, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Frank H. Spryszak, Assistant Prosecuting Attorney, for appellee.

James J. Popil, for appellant.

* * * * *

**JENSEN, J.**

**{¶ 1}** Defendant-appellant, Timothy Bragg, appeals the March 4, 2014 judgment

of the Lucas County Court of Common Pleas sentencing him to three consecutive ten-

year prison terms in connection with the rape of three of his young daughters.  For the

reasons that follow, we affirm his sentence, but reverse and remand to the extent that all R.C. 2929.14(C)(4)(b) findings were not incorporated into the judgment entry.

## I. BACKGROUND

{¶ 2} On June 19, 2013, Bragg was indicted on seven counts of rape in connection with the sexual assault of three of his six daughters, whose dates of birth are June 24, 2004, December 20, 2005, and September 12, 2007. On January 27, 2014, the state filed an information charging Bragg with three additional counts of rape. The numerous assaults occurred over the period of December 20, 2010 through April 3, 2013, when the children were as young as five years old.

{¶ 3} On January 29, 2014, Bragg entered guilty pleas to counts eight, nine, and ten, violations of 2907.02(A)(2) and (B), and at the state's request, a nolle prosequi was entered as to counts one through seven. Bragg and the trial court engaged in the following exchange at the plea hearing:

> THE COURT: [With respect to the eighth count of rape], [w]hy are you pleading to that charge?
>
> THE DEFENDANT: Because I'm guilty.
>
> THE COURT: And why are you pleading to that 9th count of rape?
>
> THE DEFENDANT: Because I'm also guilty.
>
> THE COURT: And why are you entering a plea of guilty to that 10th count?
>
> THE DEFENDANT: Because I'm also guilty.

2.

{¶ 4} The court ordered a pre-sentence investigation ("PSI") report and a general psychological examination and scheduled the matter for sentencing on February 28, 2014. After reviewing the PSI report, psychological evaluation, and records from Lucas County Children Services, and after considering a statement from Bragg, the trial court imposed a term of incarceration of ten years on each count, to be served consecutively. Bragg was classified as a Tier III sexual offender and was ordered to a mandatory five-year period of post-release control.

{¶ 5} Bragg appealed, and he assigns the following error for our review:

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION WHEN IT IMPOSED MAXIMUM CONSECUTIVE SENTENCES WITHOUT ADEQUATE JUSTIFICATION[.]

## II. STANDARD OF REVIEW

{¶ 6} As an appellate court, we review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may only increase, modify, or vacate and remand a judgment if we clearly and convincingly find that: (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *," or (2) "the sentence is otherwise contrary to law." *Id.,* citing R.C. 2953.08(G)(2). "Notably, we do not review the trial court's sentence for an abuse of discretion." R.C. 2953.08(G)(2). *State v. Washington,* 6th Dist. Lucas No. L-13-1201, 2014-Ohio-2565, ¶ 6.

3.

## III. ANALYSIS

**{¶ 7}** Bragg claims that the trial court abused its discretion when it imposed consecutive sentences because it failed to make the statutory findings set forth in R.C. 2929.14(C)(4). He also argues that the trial court incorrectly found that Bragg had shown no genuine remorse for his actions.

**{¶ 8}** R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

4.

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Bragg argues that only (b) is applicable and that the trial court's entry is silent as to whether the offenses were "committed as part of one or more courses of conduct."  We agree that (a) and (c) are inapplicable and that to impose consecutive prison sentences, the court was required to make the findings set forth in (b).

{¶ 10} At the February 28, 2014 sentencing hearing, the trial court provided its rationale for ordering consecutive sentences:

I find that in this case consecutive sentences are necessary to protect the public from future crime and to punish this defendant.  And it is not disproportionate to the seriousness of the Defendant Bragg's conduct or the danger that he will pose in the future.

I'm finding that the harm caused was so great and so unusual that no single prison term for any of these offenses committed as any part of the courses of conduct in this case adequately reflects the seriousness of the conduct.

{¶ 11} Although these findings are sufficient to justify consecutive sentences, the court's March 4, 2014 judgment entry states only:  "Being necessary to fulfill the

5.

purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses, the court further finds the harm caused was so great or unusual, therefore the sentences are ordered to be served consecutively." Thus, as Bragg observes, the judgment entry does not reflect that the trial court found that the offenses were committed as part of one or more courses of conduct.

{¶ 12} In *State v. Payne*, 6th Dist. Lucas Nos. 1024 and 1025, 2014-Ohio-1147, ¶ 14, we acknowledged that a trial court speaks through its judgment entries. In that case, while we found that the court fully explained the reasons for ordering consecutive sentences and made the findings required under R.C. 2929.14(C)(4), we concluded that remand was necessary so that the trial court could amend its judgment entry to reflect its findings. *Id.* at ¶16.

{¶ 13} Here, we must reach the same conclusion. While it is clear that the trial court performed the proper analysis and made the findings required by R.C. 2929.14(C)(4), its judgment entry does not completely reflect that. We, therefore, remand to the trial court for the sole purpose of amending its judgment entry to reflect its finding that the offenses were committed as part of one or more courses of conduct. To that end, the trial court's inadvertent failure to incorporate language from the sentencing hearing into its judgment entry constitutes a clerical error that may be corrected through a nunc pro tunc entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30 ("A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not

6.

render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court.").

{¶ 14} Bragg also claims that in imposing consecutive sentences, the trial court incorrectly observed that Bragg "showed no genuine remorse for his actions by not expressing any concern for the present or future well-being of the victims." He alleges that his PSI report reflects that he stated that he was extremely apologetic and had taken full responsibility for everything. He also indicates that he stated that he was sorry to his daughters and their mother and asked that they have mercy on him. He rationalizes that he was the victim of sexual abuse himself and that if he had full control over his life, he would not have been the person he had become.

{¶ 15} While the court acknowledged at the sentencing hearing that Bragg expressed remorse, the court was skeptical as to whether it was genuine. The court was struck by the comment from Charlene Cassel, Ph.D., the clinical psychologist who evaluated Bragg at Court Diagnostic & Treatment Center, that "[Bragg] does what he wants with no concern for the consequences to himself or others." It questioned whether Bragg would have continued to rape his children if he had not been caught. In its judgment entry, it ultimately explained that "based on this court's observance and verbal interaction with defendant," his remorse was not genuine. We, therefore, conclude that the trial court considered—but did not find credible—Bragg's professed remorse.

7.

# IV. CONCLUSION

**{¶ 16}** We find Bragg's assignment of error well-taken, in part, and not well-taken, in part. We affirm as to his sentence, but reverse and remand to the Lucas County Court of Common Pleas for the limited purpose of correcting its March 4, 2014 judgment entry, nunc pro tunc, to reflect that it made all of the findings required under R.C. 2929.14(C)(4). The costs of this appeal are assessed to the state under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                                     JUDGE

Arlene Singer, J.                
                                                         _____

James D. Jensen, J.                                                       JUDGE
CONCUR.

                                                         _____
                                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.